## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**SHAWNDRA FAISON,**

    **Plaintiff,**

**v.**                                                          **Case No:**

**GINNY'S, INC.**,

    **Defendant.**                          <u>**DEMAND FOR JURY TRIAL**</u>
_____/

<u>**PLAINTIFF'S COMPLAINT**
**WITH INJUNCTIVE RELIEF SOUGHT**</u>

    **COMES NOW**, Plaintiff, **SHAWNDRA FAISON** ("Ms. Faison" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendant, **GINNY'S, INC.** ("Defendant"), and in support thereof states as follows:

### _Introduction_

    1.    This action arises out of an alleged "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendant's violations of the Restrictions on Use of Telephone Equipment, 47 U.S.C. § 227 *et. seq.* ("TCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), in attempting to collect such Debt by using an automatic telephone dialing system or artificial voice or prerecorded message to place at least twenty (20) calls to Ms. Faison's Cellular Telephone number in attempts to collect a debt not owed by Ms. Faison and even after Ms. Faison told Defendant that she did not owe the debt, that she was not the intended

<u>Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought</u>
*Faison v. Ginny's, Inc.*
Page **1** of **11**

recipient of Defendant's calls, and asked that Defendant stop placing calls to her Cellular Telephone, which can reasonably be expected to harass Ms. Faison.

## *Jurisdiction and Venue*

2.      This Court has subject matter jurisdiction over the instant case under 28 U.S.C. §1331.

3.      Jurisdiction of this Court also arises under Fla. Stat. § 559.77 (1).

4.      Venue lies in this District pursuant to 28 U.S.C. § 1391 (b), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## *Parties*

5.      Plaintiff, Ms. Faison, was and is a natural person and, at all times material hereto, is an adult, a resident of Hillsborough County, Florida, and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

6.      Ms. Faison is the "called party" as referenced in the TCPA, 47 U.S.C. § 227 (b) (1) (A) (iii), for all calls placed to cellular telephone number 813-***-0958 ("Ms. Faison's Cellular Telephone").

7.      At all times material hereto, Defendant was and is a corporation with its principle place of business located at 1112 7th Avenue, Monroe, Wisconsin 53566.

8.      Ms. Faison is an "alleged debtor" within the meaning of Fla. Stat. § 559.55.

9.      Ms. Faison has no prior business relationship with Defendant, nor does Ms. Faison have any prior business relationship with any creditors that may have

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Faison v. Ginny's, Inc.*
Page 2 of 11

assigned Defendant the debt that Defendant improperly attempted to collect from Ms. Faison.

### *Statements of Fact*

10.     In or around December of 2017, Defendant began placing calls to Ms. Faison's Cellular Telephone.

11.     Defendant placed its calls to Ms. Faison's Cellular Telephone in an attempt to collect a debt allegedly owed by someone other than Ms. Faison ("Debt").

12.     In or around January of 2018, Ms. Faison spoke to a representative of Defendant and demanded that Defendant stop calling her.

13.     During this conversation, Ms. Faison informed Defendant that she did not owe the Debt.

14.     Ms. Faison also informed Defendant that her Cellular Telephone number belonged to Ms. Faison, and not the intended recipient of Defendant's calls.

15.     Despite Ms. Faison's demand for Defendant to stop calling her, Defendant continued to call Ms. Faison's Cellular Telephone in attempts to collect the Debt.

16.     Defendant called Ms. Faison's Cellular Telephone number at least twenty (20) times during the time period from December of 2017 to the present date.

17.     Defendant called Ms. Faison's Cellular Telephone from several different telephone numbers including, but not limited to, the following: 877-998-5872.

18.     Upon answering at least one of Defendant's calls, Ms. Faison heard a prerecorded voice before she was connected to a live representative of Defendant.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Faison v. Ginny's, Inc.*
Page **3** of 11

19.     Defendant's continued calls after Ms. Faison requested that Defendant stop calling her multiple times implied that Defendant believed Ms. Faison was lying when she informed Defendant that she did not owe the alleged debt.

20.     Defendant's continued calls after Ms. Faison requested that Defendant stop calling her implied that Ms. Faison owed the alleged debt.

21.     All of Defendant's calls to Ms. Faison Cellular Telephone were placed in an attempt to collect the Debt.

### *Count 1: Violation of the Telephone Consumer Protection Act*

22.     Ms. Faison re-alleges paragraphs 1-21 and incorporates the same herein by reference.

23.     The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. § 227 (b) (1) prohibits any person

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, . . . or any service for which the called party is charged for the call.

24.     Ms. Faison never provided any consent for Defendant to call Ms. Faison's Cellular Telephone by the use of an automatic telephone dialing system ("ATDS") or artificial voice or prerecorded message.

25.     This is because Ms. Faison had no prior business relationship with Defendant to provide any prior express consent for Defendant to call Ms. Faison's

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Faison v. Ginny's, Inc.*
Page 4 of 11

Cellular Telephone by the use of an automatic telephone dialing system ("ATDS") or artificial voice or prerecorded message.

26.     Despite never having Ms. Faison's prior express consent to call Ms. Faison's Cellular Telephone by the use of an ATDS or artificial voice or prerecorded message, Defendant called Ms. Faison's Cellular Telephone at least twenty (20) times.

27.     Each of the calls that Defendant placed to Ms. Faison's Cellular Telephone were placed in an attempt to collect an alleged Debt from someone other than Ms. Faison.

28.     Further, Ms. Faison expressly revoked any consent that Defendant believed it had to call Ms. Faison's Cellular Telephone by the use of an ATDS or artificial voice or prerecorded message in or around January of 2018 when she expressly told Defendant to stop calling her.

29.     Ms. Faison also expressly revoked any consent that Defendant believed it had call Ms. Faison's Cellular Telephone by the use of an ATDS or artificial voice or prerecorded message in or around January of 2018 when she expressly told Defendant that she did not owe the debt that Defendant was attempting to collect.

30.     Ms. Faison even expressly revoked any consent that Defendant believed it had call Ms. Faison's Cellular Telephone by the use of an ATDS or artificial voice or prerecorded message in or around January of 2018 when she expressly told Defendant that Ms. Faison's brother was not contactable at Ms. Faison's Cellular Telephone number.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Faison v. Ginny's, Inc.*
Page 5 of 11

31.     Despite this revocation of consent to call Ms. Faison's Cellular Telephone by the use of an ATDS or artificial voice or prerecorded message, Defendant thereafter called Ms. Faison's Cellular Telephone at least twenty (20) times.

32.     Defendant did not have Ms. Faison's consent to call her Cellular Telephone at any point in time.

33.     Ms. Faison never provided Defendant with Ms. Faison's Cellular Telephone number.

34.     Defendant did not place any emergency calls to Ms. Faison's Cellular Telephone.

35.     Defendant willfully and knowingly placed non-emergency calls to Ms. Faison's Cellular Telephone.

36.     Ms. Faison knew that Defendant called Ms. Faison's Cellular Telephone using an ATDS because she heard a pause when she answered at least one of the first few calls from Defendant on her cellular telephone before a live representative of Defendant came on the line.

37.     Ms. Faison knew that Defendant called Ms. Faison's Cellular Telephone using a prerecorded voice because Defendant left Ms. Faison at least one voicemail using a prerecorded voice.

38.     Ms. Faison also knew that Defendant called Ms. Faison's Cellular Telephone using a prerecorded voice because Ms. Faison heard a prerecorded voice before she was connected to Defendant.

39.     Defendant used an ATDS when it placed at least one call to Ms. Faison's Cellular Telephone.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Faison v. Ginny's, Inc.*
Page **6** of **11**

40.     Under information and belief, Defendant used an ATDS when it placed at least ten calls to Ms. Faison's Cellular Telephone.

41.     Under information and belief, Defendant used an ATDS when it placed at least twenty calls to Ms. Faison's Cellular Telephone.

42.     Under information and belief, Defendant used an ATDS when it placed all calls to Ms. Faison's Cellular Telephone.

43.     At least one call that Defendant placed to Ms. Faison's Cellular Telephone was made using a telephone dialing system that has the capacity to store telephone numbers to be called.

44.     At least one call that Defendant placed to Ms. Faison's Cellular Telephone was made using a telephone dialing system that has the capacity to produce telephone numbers to be called without human intervention.

45.     At least one call that Defendant placed to Ms. Faison's Cellular Telephone was made using a telephone dialing system that uses a random number generator.

46.     At least one call that Defendant placed to Ms. Faison's Cellular Telephone was made using a telephone dialing system that uses a sequential number generator.

47.     At least one call that Defendant placed to Ms. Faison's Cellular Telephone was made using a prerecorded voice.

48.     Defendant has recorded at least one conversation with Ms. Faison.

49.     Defendant has recorded more than one conversation with Ms. Faison.

50.     Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message to place call individuals to collect alleged debts from said individuals, such as Ms. Faison, for its financial gain.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Faison v. Ginny's, Inc.*
Page **7** of **11**

51.     Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message, and to place calls to individuals using such devices, just as it did to Ms. Faison's Cellular Telephone, with no way for the called party and recipient of the calls to permit, elect, or invoke the removal of the called party and recipient of the calls' cellular telephone number from Defendant's call list.

52.     The structure of Defendant's corporate policies and/or procedures permits the continuation of calls to individuals like Ms. Faison, despite individuals like Ms. Faison revoking any consent that Defendant believes it may have to place such calls.

53.     Defendant knowingly employs methods and has corporate policies and procedures that do not permit the cessation or suppression of calls placed using an ATDS to individual's cellular telephones, like the calls that it placed to Ms. Faison's Cellular Telephone.

54.     Defendant has corporate policies to abuse and harass consumers like Ms. Faison despite having actual knowledge that they are calling the wrong person and that the called person does not wish to be called.

55.     Defendant's phone calls harmed Ms. Faison by trespassing upon and interfering with Ms. Faison's rights and interests in her Cellular Telephone line.

56.     Defendant's phone calls harmed Ms. Faison by wasting her time.

57.     Defendant's phone calls harmed Ms. Faison by being a nuisance and causing her aggravation.

58.     Defendant's phone calls harmed Ms. Faison by causing her stress.

59.     Defendant's phone calls harmed Ms. Faison by causing her emotional distress.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Faison v. Ginny's, Inc.*
Page **8** of 11

60.     Defendant's phone calls harmed Ms. Faison by causing a risk of personal injury to Ms. Faison due to interruption and distraction.

61.     Defendant's phone calls harmed Ms. Faison by invading her privacy.

62.     All conditions precedent to this action have occurred.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

a.  Awarding statutory damages as provided by 47 U.S.C. § 227 (b) (3) (B), which allows for $500 in damages for each such violation;

b.  Awarding treble damages pursuant to 47 U.S.C. § 227 (b) (3) (C);

c.  Awarding Plaintiff costs;

d.  Ordering an injunction preventing further wrongful contact by the Defendant; and

e.  Any other and further relief as this Court deems equitable.

### *Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA")*

63.     Ms. Faison re-alleges paragraphs 1-21 and incorporates the same herein by reference.

64.     Defendant violated the FCCPA.  Defendant's violations include, but are not limited to, the following:

a.  Defendant violated Fla. Stat. § 559.72(7) by continuing to call Ms. Faison after Ms. Faison demanded that Defendant's calls cease, which can reasonably be expected to harass Ms. Faison.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Faison v. Ginny's, Inc.*
Page **9** of **11**

     b.   Defendant violated Fla. Stat. § 559.72(9) by attempting to

         collect the Debt from Ms. Faison even after Ms. Faison told

         Defendant that she does not owe the Debt.

65.    As a result of the above violations of the FCCPA, Ms. Faison has been subjected to unwarranted and illegal collection activities and harassment for which she has been damaged.

66.    Defendant's actions harmed Ms. Faison by trespassing upon and interfering with Ms. Faison's rights and interests in her Cellular Telephone line.

67.    Defendant's actions harmed Ms. Faison by wasting her time.

68.    Defendant's actions harmed Ms. Faison by being a nuisance and causing her aggravation.

69.    Defendant's actions harmed Ms. Faison by causing her stress.

70.    Defendant's actions harmed Ms. Faison by causing her emotional distress.

71.    Defendant's actions harmed Ms. Faison by causing a risk of personal injury to Ms. Faison due to interruption and distraction.

72.    Defendant's actions harmed Ms. Faison by invading her privacy.

73.    It has been necessary for Ms. Faison to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

74.    All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

     a.   Awarding statutory damages as provided by §559.77, Fla. Stat.;

     b.   Awarding actual damages;

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Faison v. Ginny's, Inc.*
Page **10** of 11

   c.   Awarding punitive damages;

   d.   Awarding costs and attorneys' fees;

   e.   Ordering an injunction preventing further wrongful contact by the Defendant; and

   f.   Any other and further relief as this Court deems equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, **SHAWNDRA FAISON**, demands a trial by jury on all issues so triable.

Respectfully submitted this **June 22, 2018**,

> */s/ Michael A. Ziegler*
> Michael A. Ziegler, Esq.
> Florida Bar No. 74864
> mike@zieglerlawoffice.com
>
> Kaelyn Steinkraus, Esq.
> Florida Bar No. 125132
> kaelyn@zieglerlawoffice.com
>
> Law Office of Michael A. Ziegler, P.L.
> 13575 58th Street North, Suite 129
> Clearwater, FL 33760
> (p)  (727) 538-4188
> (f)  (727) 362-4778
> Attorneys and Trial Counsel for Plaintiff

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Faison v. Ginny's, Inc.*
Page **11** of **11**